UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AARON ROBINSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No: 4:17CV4 HEA |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No.1] on January 3, 2017. Respondent filed a Response to the Court's first Order to Show Cause Why Relief Should Not be Granted. Petitioner filed a "Traverse" in which he raised new claims for relief on June 5, 2017. On January 4, 2018, Petitioner, now represented by counsel, filed a First Amended Petition for Writ of Habeas Corpus [Doc. No. 13] with leave of Court. Respondent filed a Response to the Court's second Order to Show Cause Why Relief Should Not be Granted, to which Plaintiff did not reply. For the reasons set forth below, the First Amended Petition will be stayed pending exhaustion of Petitioner's state court remedies and the original Petition will be denied as moot.

## **Facts and Procedural Background**

The Missouri Court of Appeals summarized the relevant facts in its Opinion affirming the denial of post-conviction relief. Respondent has set out that summary in his Response, which summary is incorporated herein.

On March 25, 2010, Petitioner was convicted of first-degree murder and armed criminal action by a jury in the St. Louis City Circuit Court. (No. 0722-CR07110-01). Petitioner was 17 years old when he committed the offenses. He was sentenced to concurrent terms of life without parole for first degree murder and 30 years for armed criminal action.

Petitioner timey appealed his conviction. (No. ED94783). The Missouri Court of Appeals affirmed on February 1, 2011. *State v. Robinson*, 330 S.W.3d 867 (Mo. Ct. App. 2011). Subsequently, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (No. 1122-CC01665). The motion court denied Petitioner's motion after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion on February 28, 2017. *Robinson v. State*, 519 S.W.3d 815 (Mo. Ct. App. 2017).

On June 25, 2012, while Petitioner's motion for post-conviction relief was pending in state court, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. On May 31, 2013, Petitioner filed a writ of habeas corpus in state circuit court based

on the *Miller* decision (No. 13SF-CC00109). The circuit court denied relief. Petitioner then filed a writ of habeas corpus with the Missouri Court of Appeals (No. SD33155), which denied Petitioner's claim as procedurally barred on October 15, 2014. The Missouri Supreme Court granted transfer on March 31, 2015.

On January 27, 2016, while Petitioner's habeas action was pending before the Missouri Supreme Court, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), holding that *Miller* applied retroactively. On March 15, 2016, the Missouri Supreme Court ordered that because the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision for juveniles mandatorily sentenced to life without parole, Petitioner and similarly situated offenders would be eligible to apply for parole after 25 years' imprisonment unless their life without parole sentences were brought into conformity with *Miller* and *Montgomery* by legislative or gubernatorial action. The Missouri Supreme Court's order also denied without prejudice "all other claims alleged in the petition and pending motion." Petitioner filed a motion for reconsideration on March 25, 2016.

On July 13, 2016, Missouri Governor Jay Nixon signed into law Missouri Senate Bill No. 590, codified at Mo. Rev. Stat. § 558.047, eliminating mandatory life sentences for juveniles and providing juveniles serving mandatory sentences of life without parole an opportunity to petition the parole board for a sentencing

review after serving 25 years. On July 19, 2016, the Missouri Supreme Court issued an order vacating its March 15, 2016 order, overruling Petitioner's motion for rehearing as moot, and denying Petitioner's state court petition.

Petitioner then filed the instant federal habeas petition in this Court. In his First Amended Petition, Petitioner raises three claims for relief: 1) his sentence remains unconstitutional under *Miller* in spite of the enactment of Mo. Rev. Stat. § 558.047 and Missouri Supreme Court's July 19, 2016 decision; 2) a *Batson* claim involving the strike of an African-American juror; and 3) trial counsel was ineffective for failing to offer a modified self-defense jury instruction hypothesizing "multiple assailants." As to his first claim for relief, Petitioner advances five sub-claims giving reasons his sentence is unconstitutional: a) under *Miller* and *Montgomery*, juvenile offenders are entitled to individualized sentencing hearings; b) juvenile offenders have a Sixth Amendment right to a jury determination of "irreparable incorrigibility" as required to sentence a juvenile to life without parole; c) the Missouri parole scheme does not provide a meaningful chance of release as required by *Miller* and the Eighth Amendment; d) Mo. Rev. Stat. § 558.047 is an unlawful bill of attainder; e) Mo. Rev. Stat. § 558.047 violates the equal protection clause of the Fourteenth Amendment.

## Discussion

*Exhaustion*

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court may not grant habeas relief under 28 U.S.C. § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1). The petitioner "has the burden to show that all available state remedies had been exhausted or that exceptional circumstances existed." *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

Respondent concedes that Petitioner's *Batson* and ineffective assistance of counsel claims were properly exhausted in state courts on direct appeal and post-conviction relief proceedings, respectively. As to Petitioner's other claim that his sentence is unconstitutional, Respondent argues:

> [Petitioner] asserts various claims in support of ground one. . . . [O]nly certain portions of [Petitioner]'s first ground for relief were properly presented to Missouri courts in his prior state habeas actions. . . . Insofar as [Petitioner] failed to properly present portions of ground one to the state court, those claims are unexhausted.

Respondent further argues that the sub-claims underlying Petitioner's first claim for relief which were exhausted may be disposed of on merit.

Although Petitioner and Respondent agree that some of Petitioner's sub-claims underlying his first claim for relief were exhausted in state court, the Court

finds otherwise. Petitioner's arguments in support of his first claim for relief each arise from the alleged failure of § 558.047 to bring Petitioner's sentence into conformity with *Miller* and *Montgomery*. Petitioner's last pleading filed before the Missouri Supreme Court, his motion for reconsideration, was filed on March 25, 2016, months before § 558.047 became law. It follows that Petitioner has not presented the issues regarding deficiencies of § 558.047 before Missouri state courts.

Judges in this District and the Western District of Missouri have issued numerous rulings on petitions for writ of habeas corpus filed by petitioners with the same exhaustion issue now before the Court. *E.g. Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2016 WL 6986712 (W.D. Mo. Nov. 28, 2016); *Davis v. Bowersox*, No. 16-00246-CV-W-RK, 2017 WL 379463 (W.D. Mo. Jan. 26, 2017); *Davis v. Griffith*, No. 4:16-CV-377 CAS, 2017 WL 5518022 (E.D. Mo. Nov. 17, 2017); *Wade v. Wallace*, No. 4:16 CV 378 JCH, 2019 WL 366887 (E.D. Mo. Jan. 30, 2019); *Williams v. Precythe*, No. 4:16 CV 393 RWS, 2019 WL 1380042 (E.D. Mo. Mar. 27, 2019); *Stewart v. Bowersox*, No. 4:16-CV-001240-AGF, 2019 WL 2173448 (E.D. Mo. May 20, 2019). Here, as in those cases, the claims underlying Petitioner's claim of an unconstitutional sentence are not exhausted "because the enactment of Senate Bill 590 [Mo. Rev Stat. § 558.047] broadens petitioner's claims under *Miller* and *Montgomery* such that they have not been properly raised

before the state courts." *Davis v. Griffith*, 2017 WL 5518022, at *3 (E.D. Mo. Nov. 17, 2017) (citing *Davis v. Bowersox*, 2017 WL 379463, at *4); *see also Stewart*, 2019 WL 2173448, at *3 ("Petitioner's claims 'have been changed or broadened by the enactment of S.B. 590, and he has not met his burden to demonstrate that he has exhausted his claims or that exceptional circumstances exist that render the state habeas process ineffective.'" (quoting *Williams*, 2019 WL 1380042, at *2)). This Court cannot rule on Petitioner's unexhausted claims. Because Petitioner's petition involves both exhausted and unexhausted claims, the Court must next determine whether a stay is appropriate.

*Stay*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). "Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review, the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Id.* at 274-75 (citations and internal quotations omitted). Because of AEDPA's one-year statute of limitations and the exhaustion requirement, some petitioners come to federal court with "mixed" petitions, meaning their petitions include exhausted and unexhausted claims. *Id.* at 275. If the district court dismisses the petition because it contains unexhausted

claims and the dismissal occurs after the one-year statute of limitations has run, the petitioner is barred from returning to federal court after exhausting the unexhausted claims. *Id.*

In *Rhines*, the Supreme Court held that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Court agrees with its colleagues' determinations in *Hack v. Cassady*, *Davis v. Bowersox*, *Williams v. Precythe*, and *Stewart v. Bowersox* that a stay is appropriate given the special circumstances of the state court proceedings and the enactment of § 558.047. In accordance with the dictates of *Rhines*, the Court will place "reasonable time limits on [P]etitioner's trip to state court and back." 544 U.S. at 278.

**Conclusion**

Based upon the foregoing, the First Amended Petition for Writ of Habeas Corpus will be stayed pending exhaustion of Petitioner's state court remedies.

Accordingly,

**IT IS HEREBY ORDERED** that the First Amended Petition for Writ of Habeas Corpus [Doc. No. 13] is **STAYED** until Petitioner Aaron Robinson exhausts his state court remedies. Petitioner must pursue state court remedies

within 30 days after this stay is entered and return to federal court within 30 days after state court exhaustion is completed.

**IT IS FURTHER ORDERED** that Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED as moot**.

Dated this 26th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE