# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AARON ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:17CV4 HEA |
| ) | |
| JASON LEWIS, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Aaron Robinson's Motion to Remand [Doc. No. 52], Motion to Compel the Court to Respond [Doc. No. 54] and Motion for Further Relief [Doc. No. 58]. For the reasons set forth below, Petitioner's motions will be denied.

### Facts and Background

On January 3, 2017, Petitioner, proceeding pro se, filed his Petition for Writ of Habeas Corpus. Petitioner raises three claims for relief in his First Amended Petition: 1) his sentence remains unconstitutional under *Miller v. Alabama,* 567 U.S. 460 (2012), in spite of the enactment of Mo. Rev. Stat. § 558.047 and Missouri Supreme Court's July 19, 2016 decision; 2) a *Batson* claim involving the strike of an African-American juror; and 3) trial counsel was ineffective for failing

May 4, 2022 Status Report Order

On May 4, 2022, the Court ordered a status report to be filed by the parties regarding the status of Petitioner's claims in state court. On June 2, 2022, Respondent filed a status report indicating he has not received any state court notice being filed by, or on behalf of, Petitioner. Respondent also conducted a search of Case.net, Missouri's centralized electronic court case management and filing system, and was unable to locate any case filed by Petitioner relating to his convictions and sentences since the Court's March 26, 2020 Order. Respondent argues the stay should be lifted and Petitioner's case dismissed, as Petitioner failed to comply with the Court's Order and has not made any effort to exhaust his claims to state court.

Instant Motions

In lieu of a status report, Petitioner filed a Motion to Remand, requesting more time to wait for the state court to resolve an "unexhausted issue" about taking a "Mental Competency test prior to trial." The unexhausted claims in this case are relevant to those arguments in support of his first claim for relief each arise from the alleged failure of § 558.047 to bring Petitioner's sentence into conformity with *Miller* and *Montgomery*, not a mental competency test. Petitioner also filed a Motion to Compel the Court to Respond to his remand motion.

3

On January 9, 2023, Petitioner filed a Motion for Further Relief under the All Writs Act, asking the Court to order Respondent to respond to the Court's Order for a status report to be filed by the parties. Respondent timely filed his status report, as mentioned above.

To date, Petitioner has failed to provide any information to the Court indicating he has, or has attempted to, exhaust his claims to state court.

## Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). "Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review, the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Id.* at 274-75 (citations and internal quotations omitted). Because of AEDPA's one-year statute of limitations and the exhaustion requirement, some petitioners come to federal court with "mixed" petitions, meaning their petitions include exhausted and unexhausted claims. *Id.* at 275. If the district court dismisses the petition because it contains unexhausted claims and the dismissal occurs after the one-year statute of limitations has run, the petitioner is barred from returning to federal court after exhausting the unexhausted claims. *Id.*

## Discussion

The Court may not grant habeas relief under 28 U.S.C. § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1). The petitioner "has the burden to show that all available state remedies had been exhausted or that exceptional circumstances existed." *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). In *Rhines*, the Supreme Court held that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

As explained in the Court's March 26, 2020 Order, the Court cannot rule on Petitioner's unexhausted claims until Petitioner exhausts his state court remedies. Petitioner was ordered to pursue state court remedies within thirty days after the March 26, 2020 Order was entered and return to federal court within thirty days after state court exhaustion was completed.

The Court agrees a stay *was* initially appropriate given the special circumstances of the state court proceedings and the enactment of § 558.047. However, nearly three years have passed since the Court ordered the stay in this

5

case. In accordance with the dictates of *Rhines*, and as noted in the Court's March 26, 2020 Order, "reasonable time limits [were placed] on [P]etitioner's trip to state court and back." *Id.* at 278. On March 26, 2020, Petitioner was given thirty days to pursue state court remedies. To date, there is no information before the Court that, Petitioner has, or has attempted, to do so. The time limit on Petitioner's trip to state court and back is now at its expiry.

Petitioner is warned that if the stay in this case is lifted and the Court issues a decision on Petitioner's First Amended Petition, the Court *must* dismiss his petition. Therefore, in accordance with *Rhines,* the Court can allow Petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief, as is the case here. *Id.* at 270. Therefore, the Court will give Petitioner thirty days to amend his petition to delete the unexhausted claims, rather than returning to state court to exhaust his claims. Petitioner's unexhausted claims are those in support of his first claim for relief each arise from the alleged failure of § 558.047 to bring Petitioner's sentence into conformity with *Miller* and *Montgomery*. The Court will direct the Clerk of Court to send him a copy of the Court's form for Petition for Writ of Habeas Corpus by a Person in State Custody.

If Petitioner fails to delete the unexhausted claims, he will forever lose his opportunity for federal review of his claims.

## Conclusion

Based upon the foregoing, Petitioner's Motion to Remand will be denied. The Court will give Petitioner thirty (30) days to amend his petition to delete the unexhausted claims, rather than returning to state court to exhaust his claims. The Clerk of Court will be directed to send him a copy of the Court's form for Petition for Writ of Habeas Corpus by a Person in State Custody.

Further, Petitioner's Motions to Compel the Court and for Further Relief will be denied as moot. The Clerk of Court will be directed to send Petitioner a copy of the Court's order dated March 26, 2020 and Respondent's Status Report filed on June 2, 2022.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Remand [Doc. No. 52] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is given thirty (30) days to amend his petition to delete the unexhausted claims, rather than returning to state court to exhaust his claims.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Petitioner a copy of the Court's form for Petition for Writ of Habeas Corpus by a Person in State Custody.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel the Court to Respond [Doc. No. 54] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Motion for Further Relief [Doc. No. 58] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Petitioner a copy of the Court's order dated March 26, 2020 [Doc. No. 27] and Respondent's Status Report filed on June 2, 2022 [Doc. No. 51].

Dated this day 3rd of February, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE